**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM F. SEVERINO, III,

        Plaintiff,

   v.

JESSICA OPPERMAN, *et al.*,

        Defendants.

Civil Action No. 12-7843 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Borough of Sayreville's ("Borough Defendant") motion to dismiss (Sayreville's Mot., ECF No. 13; Sayreville's Br., ECF No. 13-1) and Defendant Gumprecht's (collectively, "Defendants") motion for summary judgment. (Gumprecht's Mot., ECF No. 14; Gumprecht's Br., ECF No. 14-1.) Plaintiff failed to oppose the motions. The Court has carefully considered the Defendants' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

Plaintiff's Complaint must be dismissed pursuant to the statute of limitations. "When reviewing a [Federal Rule of Civil Procedure "Rule"] 12(b)(6) dismissal on statute of limitations grounds, [a court] must determine whether the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1990) (citing *Bethel v. Jendoco Constr. Co.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (internal quotations and emphasis omitted)). The statute of limitations for a malicious prosecution claim begins to accrue on the date criminal proceedings were resolved in the plaintiff's favor. *Rose v. Bartle*, 871 F.2d 331, 348 (3d Cir.

1989). Here, the Complaint alleges that "At a trail [sic] on December 14, 2010 the 4th Middlesex County Prosecutor upon motion to dismiss the indictment because the crime alleged never took place. The plaintiff was found to be not guilty, and the case was therefore determined finally in the plaintiff's favor." (Compl. ¶ 22, ECF No. 1.) Plaintiff's Complaint was filed December 17, 2012, outside of the two-year statute of limitations. As such, it must be dismissed.[1]

Plaintiff's Complaint must also be dismissed pursuant to the Entire Controversy Doctrine, which requires parties to "present . . . all of their claims and defenses that are related to the underlying controversy." *Cogdell by Cogdell v. Hosp. Ctr. at Orange*, 116 N.J. 7, 15 (1989). "A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey." *Rycoline Prods. Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997). Plaintiff's Complaint asserts the same malicious prosecution count previously brought and decided in New Jersey state court.[2] Although the Plaintiff added new defendants to the present case, the Entire Controversy Doctrine requires a party to join in an action "'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline* at 885

---

[1] Rule 3 provides that a civil action is commenced by filing a complaint. Fed. R. Civ. P. 3. Rule 5(d)(2)(A) provides that a paper is filed by delivering it to the Clerk. Fed. R. Civ. P. 5(d)(2)(A). Plaintiff mailed his Complaint on December 13, 2012 and the Clerk's Office received it on December 17, 2012. (ECF No. 1-2.) As such, Plaintiff's Complaint was filed outside the statute of limitations.

[2] The malicious prosecution count of Plaintiff's Complaint contains nearly identical allegations to those in the state court complaint. For example, paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20 and 23 in the current Complaint virtually mirror paragraphs 16, 17, 18, 36, 24 and 31, respectively, in the state court complaint. (ECF No. 13-2.)

(citing *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 142 N.J. 280 (1995)). Therefore, Plaintiff's suit is also precluded based on the Entire Controversy Doctrine.[3]

For the reasons stated above, and other good cause shown,

**IT IS**, on this 30th day of May, 2014, **ORDERED** that:

1) Defendants' Motions (ECF Nos. 13 & 14) are granted.

2) Plaintiff's Complaint is dismissed.

3) The Clerk shall close this case.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] As the Complaint must be dismissed pursuant to the statute of limitations and New Jersey's Entire Controversy Doctrine, the Court does not reach the Borough Defendant's 12(b)(6) sufficiency arguments.